UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW E. KOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:13 CV 111 |
| | ) |
| KATHERINE GREGORY, *et al*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Matthew E. Koch, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under 28 U.S.C. § 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, the

court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The events giving rise to this suit occurred in 2009, when Koch was awaiting trial on kidnaping charges. According to the complaint, in May 2009, state doctors found Koch incompetent to stand trial and sent him to Logansport State Hospital, where he was diagnosed with paranoid schizophrenia. He was prescribed medication and underwent other treatment. In August 2009, doctors determined that he had regained his competency, and he was returned to the jail. In 2010, his case went to trial and he was convicted of the charges. Koch claims that he was not incompetent, never was incompetent, and was not in need of medication. He claims that court personnel and staff at Logansport engaged in a conspiracy to make him appear mentally ill, including purposely mispronouncing his name, sabotaging the testing process, and engaging in other conduct designed to provoke him. He sues a multitude of defendants, including doctors, nurses, the superintendent of Logansport, and various attorneys involved in his commitment, asserting due process and equal protection claims.[1]

Upon review, Koch's claims are time-barred. The events he is complaining about occurred between May and August 2009, and he was required to bring his claims within

---

[1] Court records show that Koch filed a prior lawsuit challenging these same events. *Koch v. Gregory*, 3:11-CV-272-RM (N.D. Ind. filed July 5, 2011). His complaint was stricken due to numerous deficiencies, and he was given an opportunity to file an amended complaint. He declined, instead filing motions arguing that the court acted improperly in striking his complaint. In October 2011, the case was dismissed without prejudice. Koch appealed, but the Court of Appeals denied his request to proceed *in forma pauperis,* and his appeal was later dismissed for failure to pay the filing fee. *Id.*

two years of that date. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Possibly anticipating the timeliness problem, Koch suggests that it was not until some time in 2011, when he obtained a copy of the commitment order, that "the illegality of all the defendants' actions was finally known to plaintiff." (DE # 1 at 22.) However, "[a] plaintiff does not need to know that his injury is actionable to trigger the statute of limitations—the focus is on the discovery of the harm itself, not the discovery of the elements that make up a claim." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Koch obviously knew in 2009 that he was being injured, when he was sent to a state mental hospital for no legitimate reason and forced to take medication he allegedly did not need.[2] Therefore, his complaint filed in February 2013 is untimely. Although the statute of limitations is an affirmative defense, dismissal at the pleading stage is appropriate when the plaintiff includes facts "sufficient to establish the complaint's tardiness." *Cancer Foundation, Inc.*, 559 F.3d 674-75. That standard is met here.

As a final matter, it appears Koch may also be claiming that his constitutional rights were violated in the criminal case, such that he is being wrongfully imprisoned. If so, this type of relief can only be pursued in a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

---

[2] The court has considered that incapacity can toll the limitations period. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). However, Koch's claim is that he was *not* incompetent during the time he was at Logansport. Even if he was in fact incapacitated during this period, records show that psychiatrists found him fully competent as of August 2009. (DE # 1-1 at 8, 14-18.)

For these reasons, the complaint (DE # 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A. Plaintiff's motion to effectuate service (DE # 4) is **DENIED** as moot.

**SO ORDERED.**

Date: March 4, 2013

                                              s/James T. Moody
                                              JUDGE JAMES T. MOODY
                                              UNITED STATES DISTRICT COURT